**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YAFFET MATINDAS, | No. 07-73116 |
| Petitioner, | |
| v. | Agency No. A078-020-315 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2010[**]

Before:     B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Yaffet Matindas, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

The record does not compel the conclusion that changed or extraordinary circumstances excused Matindas' untimely filed asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). Accordingly, Matindas' asylum claim fails.

Substantial evidence supports the BIA's denial of CAT relief because Matindas failed to establish it is more likely than not that he will be tortured upon return to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

Matindas suffered death threats, the destruction of two businesses, two attacks where his car was stopped and stolen, and a forced relocation, all on account of his Christian religion. Substantial evidence does not support the BIA's determination that these incidents did not rise to the level of persecution. *See Baballah v. Ashcroft,* 367 F.3d 1067, 1076 (9th Cir.2004) (cumulative effects of attacks and economic harassment compelled finding of persecution). In addition, in denying Matindas' withholding of removal claim, the BIA did not apply the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Intervening case law holds the disfavored group analysis applies to

Matindas withholding of removal claim. *See Wakkary*, 558 F. 3d at 1062-65: *see also Tampubolon v. Holder*, 2010 WL 2451610 at *5 (9th Cir. June 25, 2010) ("[A]ny reasonable factfinder would be compelled to conclude on this record that Christian Indonesians are a disfavored group."). Accordingly, we grant the petition for review with respect to Matindas' withholding of removal claim and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION DENIED in part; GRANTED in part; REMANDED.**

3